**Mandeep SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70296.
I & NS No. A71–572–665.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2002 *.

Decided May 22, 2002.

---

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed R.App. P. 34(a)(2).

Before HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

Mandeep Singh ("Singh"), a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's ("IJ") denial of his requests for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). Review of a determination that an applicant has not established eligibility for asylum is for substantial evidence. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998).

 Although treating Singh's testimony as credible and giving it full evidentiary

weight, the IJ denied Singh's petition on the basis that he failed to provide any corroborating documents or demonstrate that his fear of persecution was tied to any of the enumerated statutory grounds. The BIA, affirming the IJ, found that Singh did not present sufficient evidence to substantiate his claim of persecution. We determine (1) that the BIA erred in requiring corroborating evidence in the absence of an adverse credibility determination, and (2) that it lacked substantial evidence for concluding that Singh was not persecuted or lacked a well-founded fear of persecution on account of his political beliefs.

 In the absence of an explicit adverse credibility determination, an applicant is not required to produce corroborating evidence. *See Kataria v. INS,* 232 F.3d 1107, 1113–14 (9th Cir.2000); *see also Abovian v. INS,* 219 F.3d 972 (9th Cir. 2000) (stating that corroborative evidence is not required from an asylum applicant whose testimony is unrefuted). Adverse credibility findings must be explicit. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997) (stating that while an adverse credibility finding does not require the recitation of unique words, it must be explicit); *see also Shoafera v. INS,* 228 F.3d 1070, 1075 n. 3 (9th Cir.2000) ("[T]he law of this circuit does not permit implicit adverse credibility determinations.").

Taking Singh's testimony as true, we find that the record compels the conclusion that Singh was persecuted on account of his political opinion. The IJ concluded that "[I]t would appear at best Applicant has been a victim of brutal police interrogation tactics in an effort to discourage his political participation." The IJ also stated that the BIA has found this to be "a

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

legitimate investigative technique employed by the Punjab police which will not give rise to claim of asylum in the United States." Extrajudicial beatings on account of political activity do not constitute a technique in furtherance of a legitimate prosecutorial purpose. *See Blanco–Lopez v. INS*, 858 F.2d 531, 534 (9th Cir.1988) (finding no legitimate prosecutorial purpose where there was not any evidence in the record "that an actual, legitimate, criminal prosecution was initiated against [the applicant.]").

We therefore GRANT the petition; VACATE the BIA's decision; GRANT Singh's application for withholding of removal; and REMAND for the exercise of the Attorney General's discretion.